**William Henry HOWARD, Jr.,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 85 137 CR.**

Court of Appeals of Texas,
Beaumont.

Feb. 26, 1986.

C. Haden Cribbs, Jr., Beaumont, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

OPINION

BROOKSHIRE, Justice.

Appellant entered a guilty plea to an indictment charging that he delivered, by actual transfer, more than ¼th ounce of marihuana but less than 4 ounces. The delivery date of the transfer was alleged to be July 18, 1984. There was one enhancement paragraph. The cause number in the trial court was 45278. The sentence was 5 years confinement.

Appellant argues for a reversal on one, and only one, ground of error. The relief Appellant asks for is that the judgment and sentence be set aside and the indictment quashed and dismissed. The ground of error reads:

"The Trial Court erred in overruling the Motion to Quash the indictments because of the disqualification of a grand juror returning the indictments."

This case is a close companion case to another case of Appellant's styled "William Henry Howard, Jr., Appellant vs. The State of Texas, Appellee, No. 09—85–138 CR, the opinion of which was filed February 12, 1986. The writer deems that the opinion in 704 S.W.2d 575 (Tex.App.1986) accompanied by two separate concurrences, amply disposes of Appellant's sole ground of error.

The writer thinks it is appropriate to stress that, if the grand juror's qualifications are not determined as of the time he is impaneled and takes the qualifying oath, then it is apparent that it will be necessary for a complete qualification procedure to be conducted by a district judge each and every time the grand jury returns one or more true bills of indictment. This would be an onerous task on many busy district judges. It would be an additional burden on the criminal justice system.

The judgment and sentence of the trial court are affirmed in this separate appeal.

AFFIRMED.

DIES, Chief Justice, concurring.

I concur in the result. For my reasoning on the doctrine involved, I refer to my concurring opinion in *Howard v. State*, 704 S.W.2d 575 (Tex.App.—Beaumont, 1986).

BURGESS, Justice, concurring.

I concur in the result only. I adopt my concurring opinion filed in *Howard v. State*, 704 S.W.2d 575 (Tex.App.—Beaumont, 1986). I would add the following observation.

My earlier concurring opinion spoke of "the result reached by the majority". This was the affirmance reached by each member of the court. I believe a careful reading of Chief Justice Dies' earlier concurring opinion reveals he agrees that Grand Juror Kitchens was a disqualified grand juror. If I am correct in that reading, then the majority (myself and Chief Justice Dies) held that while Kitchens was disqualified, the appellant and his counsel showed no harm, thus the case did not call for a reversal.

I continue to so hold, therefore, I concur only in the affirmance.